# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

WILLIAM LAWSON MYNATT,

        Plaintiff,

    v.                                            Case No. 07-C-717

DEANE SCHNEEBERGER,

        Defendant.

## ORDER

The plaintiff, who is incarcerated at the Oakhill Correctional Institution, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. On November 15, 2007, United States District Judge Charles N. Clevert granted the plaintiff's motion for leave to proceed *in forma pauperis* on a claim that the defendants used excessive force against him while housed at the Kenosha County Jail. Upon consent of the parties, this case was transferred to this court on December 27, 2007. Pursuant to the January 7, 2008 Scheduling Order, the deadline for completion of discovery was April 7, 2008, and the deadline for filing dispositive motions is May 7, 2008. Before the court are the plaintiff's motion to appoint counsel, motion for extension of time, and motion for jury trial. These matters will be addressed herein.

The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the matter arises under federal statutes. Venue is proper under 28 U.S.C. § 1391. The case was assigned according to the random assignment of civil cases pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72.1 (E.D. Wis.). The parties have consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73.1 (E.D. Wis.).

The plaintiff has moved for the appointment of counsel. Indigent civil litigants have no absolute constitutional or statutory right to be represented by counsel in federal court. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992); *McKeever v. Israel*, 689 F.2d 1315, 1318 (7th Cir. 1982). This court is authorized to request, but not to compel (*see Mallard v. United States District Court*, 490 U.S. 296 [1989]), an attorney to represent an indigent civil litigant pursuant to Title 28, United States Code, § 1915(e)(1). *Jackson*, 953 F.2d at 1071*; McKeever*, 689 F.2d at 1318. However, this court has no access to funds to compensate attorneys for such representation. This court, therefore, appoints counsel under § 1915(e)(1) only in the rare case where the failure to appoint counsel would be so fundamentally unfair that the plaintiff's due process rights would be violated. *McNeil v. Lowney*, 831 F.2d 1368, 1371 (7th Cir. 1987).

The threshold requirement for appointment of counsel under § 1915(e)(1) is whether a plaintiff has made a reasonable, but unsuccessful, effort to retain counsel, or whether the plaintiff was effectively precluded from making such efforts. *Jackson*, 953 F.2d at 1073. If a plaintiff has made no effort to secure counsel, the motion must ordinarily be denied outright. *Id.* Once this initial requirement is met, the court, in exercising its discretion with regard to plaintiff's request, must address the following question: given the difficulty of the case, does this plaintiff appear to be competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. *See Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993).

In this case, the plaintiff asserts that he has attempted to obtain legal counsel on his own. However, he has not provided any evidence that he attempted to obtain an attorney. The plaintiff should provide the court with names of attorneys that he has contacted. Nonetheless, the plaintiff has provided a detailed complaint setting forth his claims. Moreover, the issues in this case appear at this stage to be straightforward and uncomplicated. Therefore, at this juncture, given the nature

2

of the case, it appears that the plaintiff is competent to litigate this case himself. Accordingly, the plaintiff's motion for appointment of counsel will be denied.

The plaintiff also filed a motion for extension of time. He seeks an extension of time until counsel is appointed by which to answer the defendant's discovery requests. Because the court denied the plaintiff's request for counsel, the plaintiff's motion is moot. However, it is unclear whether the plaintiff has responded to the defendant's requests and therefore, he will be granted additional time until May 19, 2008, to do so.

Finally, the plaintiff seeks a trial by jury. The plaintiff's request was made on March 26, 2008, almost three months after the defendant filed an answer. The defendant opposes the plaintiff's request, arguing that the plaintiff waived his right to a jury trial since he has not shown that he complied with Federal Rule of Civil Procedure 38.

Any party may demand a trial by jury by "(1) serving the other parties with a written demand – which may be included in a pleading – no later than 10 days after the last pleading directed to the issue is served; and (2) filing the demand in accordance with Rule 5(d)." Fed. R. Civ. P. 38(b). The rules also provide that "[a] party waives a jury trial unless its demand is properly served and filed." Fed. R. Civ. P. 38(d). Notwithstanding a waiver of the right timely to demand a jury trial, the court upon motion may exercise its discretion to grant a party's belated request for a jury trial. Fed. R. Civ. P. 39(b). A party making an untimely request for a jury trial may be required to offer a reason for its untimeliness. *See Members v. Paige*, 140 F.3d 699, 703-04 (7th Cir. 1998). Once that party offers a reason, the court should exercise its discretion with an open mind in consideration of that reason and other circumstances of the case. *Id.* "Lack of legal assistance may supply (or be) a good reason for a favorable exercise of discretion under Rule 39(b)." *Id.* at 704. "If there is to be any

3

presumption, it is the one stated in Rule 38(d)," that is, that unless properly filed and served, a jury trial is waived. *Id.* at 704.

In this case, the plaintiff has not offered any reason in support of his request. Rather, he simply "moves that this case be tried to the 7 person jury." Without being provided any reason upon which to consider the plaintiff's request, the court is unable to exercise its discretion as instructed in *Members* and therefore the presumption that the jury trial is waived in this case prevails. Thus, the plaintiff's motion will be denied.

## ORDER

**IT IS THEREFORE ORDERED** that the plaintiff's motion for appointment of counsel (Docket #18) be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that the plaintiff's motion for extension of time (Docket #18) be and hereby is **GRANTED** as described herein;

**IT IS FURTHER ORDERED** that the plaintiff will be granted additional time until May 19, 2008, to respond to the defendant's discovery requests; and

**IT IS FURTHER ORDERED** that the plaintiff's motion for jury trial (Docket #18) be and hereby is **DENIED**.

Dated at Milwaukee, Wisconsin this 29th day of April, 2008.

BY THE COURT:

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge